**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------X

**ANDRE WALLACE,**

**Case No.: 7:19-cv-09306-NSR**

**Plaintiff,**

**-against-**

**KIRSCHENBAUM & PHILLIPS, P.C.,**
**STEVEN L. ROSENTHAL,**
**JAMES P. SCULLY,**
**CADDIS FUNDING, LLC, and**
**INVESTINET LLC,**

**Defendants.**

-----------------------------------------------------------------X

**PLAINTIFF'S FIRST SET OF DISCOVERY DEMANDS TO ALL DEFENDANTS**

Plaintiff serves the above referenced discovery instrument to the above referenced parties by and through said party's counsel as indicated in the certificate of service below.

Respectfully submitted,
/s/
Ahmad Keshavarz
THE LAW OFFICES OF AHMAD KESHAVARZ
16 Court St., 26th Fl.
Brooklyn, NY 11241-1026
Phone: (718) 522-7900
Fax: (877) 496-7809 (toll-free)
Email: ahmad@NewYorkConsumerAttorney.com

**CERTIFICATE OF SERVICE**

I, Ahmad Keshavarz, the attorney for the Plaintiff, Andre Wallace, hereby certify that on this day I served the above referenced document to the parties listed below via email to:

Brett A. Scher, Esq.
Adam M. Marshall, Esq.
*Attorneys for Defendants*
*Kirschenbaum & Phillips, P.C.,*
*Steven L. Rosenthal and James P. Scully*
135 Crossways Park Dr., Suite 201
Woodbury, New York 11797
(516) 681-1100
amarshall@kdvlaw.com

bscher@kdvlaw.com

David G. Peltan, Esq.
*Attorneys for Defendants*
*Caddis Funding, LLC and InvestiNet LLC*
128 Church Street
East Aurora, New York 14052
(716) 655-3887
davidpeltan@peltanlaw.com

Date: January 7, 2020
Brooklyn, NY
/s/
Ahmad Keshavarz
Plaintiff's Attorney

## DEFINITIONS AND INSTRUCTIONS

Please produce a privilege logs if you are asserting any attorney client privilege, attorney work-product privilege, or assertion of confidentiality that complies with Local Rule 26.2(a) and (b).

Plaintiff incorporates by reference the uniform discovery definitions of Local Rule 26.3. In addition to the uniform discovery definitions of Local Rule 26.3, following terms shall have the following meanings:

1. "Plaintiff" means the Plaintiff in this federal lawsuit, Andre Wallace.
2. "Defendants" means the defendants in this federal lawsuit, Kirschenbaum & Phillips, P.C., Steven L. Rosenthal, James P. Scully, Caddis Funding, LLC, and Investinet, LLC.
3. "You" or "Your" means the party to whom this discovery request is directed, its successors, predecessors, divisions, subsidiaries, present and former officers, agents, employees, and all other persons acting on behalf of the responding party or its successors, predecessors, divisions, and subsidiaries.
4. "**Possession, custody, or contro**l" of an item means that the person either has physical possession of the item or has a right to possession that is equal or superior to the person who has physical possession of the item.[1]
5. The term "**person**" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.
6. The term "**putative debt**" means the putative debt at issue in the state court case captioned *CSGA, LLC v. Andre Wallace*, CV-055831/07-BX.
7. The term "**collection suit**" means the state court case captioned *CSGA, LLC v. Andre Wallace*, CV-055831/07-BX.
8. The term "**putative judgment**" means the default judgment obtained in the collection suit on February 26, 2008.

---

[1] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control." *MTB Bank v. Federal Armored Express*, 93 Civ. 5594(LBS), 1998 WL 43125 at * 4 (S.D .N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' "). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. Jul 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.")

9. The term "**The Settlement**" means the Conditional Release Settlement signed on March 31, 2008, as described in paragraphs 18-19 and attached as Exhibit D of Plaintiff's First Amended Complaint.

10. The term "**The Execution**" means the February 9, 2019 execution by Defendants against Mr. Wallace, described in paragraphs 25-28 and attached as Exhibit E of Plaintiff's First Amended Complaint.

11. "Identify" (with respect to persons). When referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

12. "Identify" (with respect to documents). When referring to documents, "to identify" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and recipient(s). In the alternative, the responding party may produce the documents, together with identifying information sufficient to satisfy Fed. R. Civ. P. 33(d).

## REQUESTS FOR ADMISSION

Admit or deny the following.

1. You are a debt collector as defined in the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq.

2. The putative debt was an alleged obligation incurred primarily for family, personal, or household purposes.

3. You regularly collect consumer debts alleged to be due to another.

4. Your principal purpose of which is the collection of consumer debts.

5. You have received and/or sent money via wire transfer, ACH transfer, electronic transfer, direct deposit, or eCheck in connection with your business.

6. You use the mails in connection with Your business.

7. The collection suit was settled via the Settlement.

8. You did not perform a meaningful attorney review prior to the Execution.

9. There are no additional documents you contend you sent to Plaintiff other than what is attached to the complaint.

10. You did not credit any payments made by Mr. Wallace in the amount sought in the Execution.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**PLEASE NOTE**: If the documents sought exist in an electronic form (e.g. a database of dates and locations of putative service of process) please produce those documents in its electronic format.

Please produce the all of the following documents "in your possession, custody, or control":[2]

1. Produce your "collection notes" or "account notes" regarding Plaintiff or the collection of the debt.
2. All documents within your possession, custody, or control regarding Plaintiff, the putative debt, the putative judgment, or attempts to collect the putative debt or the putative judgment.
3. All recordings of telephone calls with or regarding Plaintiff or with any "person" regarding Plaintiffs or the "putative debt" or "putative judgment."
4. Payment ledgers or other documents reflecting an accounting of amounts collected on the putative debt, including an accounting of amounts received as a result of the Execution.
5. All agreements or contracts (including any collection agreements, servicing or subservicing agreements, retainer agreements, sales or assignment agreements, or other agreements) between you and any "person" including any defendant that govern or relate to the putative debt.
6. Documents sufficient to demonstrate the identity of every "person" who was involved in attempts to collect the debt.

---

[2] Please note that "the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control." *MTB Bank v. Federal Armored Express*, 93 Civ. 5594(LBS), 1998 WL 43125 at * 4 (S.D .N.Y. Feb. 2, 1998) ("Under Fed.R.Civ.P. 34, which governs the production of documents during discovery, the clear rule is that documents in the possession of a party's current or former counsel are deemed to be within that party's 'possession, custody and control.' "). *See also Polanco v. NCO Portfolio Management, Inc.*, 2013 WL 3733391at * 2 (S.D.N.Y. Jul 15, 2013) ("To the extent that [the debt collection law firm] Harris, by virtue of its representation of Defendant [NCO in the state court collection lawsuit], is holding documents that are relevant, responsive to Plaintiff's document requests to Defendant [in this FDCPA action], and not subject to a claim of privilege or work product, Defendant shall, no later than three weeks from the date of this Order, produce those documents to Plaintiff, as such documents are within Defendant's "control" for purposes of the discovery rules.")

7. All documents, if any, upon which you base your affirmative defenses, including the affirmative defense of bona fide error.

8. Any insurance policies and declaration sheets that may cover the claims brought by way of this suit, regardless of whether you have forwarded this claim to your insurance carrier.

9. All documents you reference in your initial disclosures.

10. If you dispute that you are a debt collector governed by the FDCPA in this action, please produce all documents upon which you base your assertion.

11. If any of the documents you produce use abbreviations or codes, please provide a copy of a manual or other such document that reflects the meaning of said abbreviations or codes.

12. Every document that you intend to use or introduce into evidence at the trial of this case.

13. If You contend You performed a meaningful attorney review prior to issuing the Execution, produce all documents upon which you base your assertion.

14. Documents sufficient to show the number of invalid judgments that You have executed upon for 2016, 2017, and 2018.

15. Documents sufficient to show the number of judgments that You have executed upon for 2016, 2017, and 2018.

## INTERROGATORIES

1. "Identify" all persons who you believe have knowledge of relevant facts, identify the issues upon which you believe they have knowledge, and provide a brief summary of their knowledge.

2. "Identify" the name and address of every witness you expect to call at the trial of this case, and summarize the testimony you expect each such witness to give. State the names, addresses, and telephone numbers of persons having knowledge of relevant facts, and give a statement of each identified person's connection with the case and what relevant facts you contend they have.

3. State the names and addresses of all persons who participated in responding to these discovery requests or who provided any information for the responses to these discovery requests.

4. Identify the existence, custodian, location and general description of relevant audio or video recordings, or documents in this action, including pertinent insurance agreements and other physical evidence, or information of a similar nature including, without limitation, the documents requested in the requests for production of documents.

5. For any requested information about a document that no longer exists or cannot be located, identify the document, state how and when it passed out of existence, or when it could no longer be located, and the reasons for the disappearance. Also, identify each person having knowledge about the disposition or loss, and identify each document evidencing the existence or nonexistence of each document that cannot be located.

6. Identify all persons involved in the collection of the putative debt from January 1, 2007 to present. Summarize the role each person took in connection with the collection of the putative debt. This includes any prior assignees, servicers, forwards, and attorneys.

7. If you dispute that you are a debt collector governed by the FDCPA in this action, what is the basis for your assertion?

8. If your document production uses abbreviations, codes, or identifies persons only by firm name or initials, please identify the meaning of each abbreviation or code, and "identify" each such person.

9. Identify any calls made by You in connection with the collection of the putative debt alleged to be owed by Plaintiff. Include the date and time of the call, who was on the call, and what was said.

10. Provide an accounting of amounts collected on the putative debt, including an accounting of amounts received as a result of the Execution.

11. Identify all lawsuits brought against Defendants since January 2008 for alleged enforcement of an invalid judgment or failure to send a debt validation notice under 15 U.S.C. 1692g.

12. Identify the number of judgments you collect upon, the face value of the judgments, the amount of money you have collected on those judgments for each year in 2016, 2017, and 2018, and, of the amount collected, the amount that went to you for each year.