# AHMAD KESHAVARZ

*Attorney at Law*

16 COURT ST., 26TH FLOOR
BROOKLYN, NY 11241-1026

www.N[...]
E-mail: a[...]

> Application for a pre-motion conference granted. A telephone conference has been scheduled for 8/20/2020 at 10:00 a.m. concerning the matters raised in plaintiff's letters (Docs. 29, 30). At the time of the scheduled conference, all parties shall call the following number: (888) 398-2342; access code 3456831. The parties are encouraged to resolve their discovery disputes without the Court's intervention, and shall advise the Court by letter if the issues raised herein have been resolved prior to the scheduled conference.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: New York, New York
>        July 25, 2020

July 8, 2020

VIA ECF
Hon. Lisa M. Smith
United States Magistrate Judge
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

**Re: Request for Local Rule 37.2 pre-motion conference to compel discovery responses from Caddis Funding, LLC and InvestiNet, LLC.**
*Wallace v. Kirschenbaum & Associates, PLLC, et al.,* **No. 7:19-cv-09306-NSR**

Dear Judge Smith:

This firm represents Plaintiff in the above entitled action regarding violations of the Fair Debt Collection Practices Act ("FDCPA") and related violations. Plaintiff requests a pre-motion conference to compel discovery responses from Caddis Funding, LLC and InvestiNet, LLC.

On October 8, 2018, Plaintiff filed his Original Complaint and Jury Demand. On December 9, 2019, the Kirschenbaum Defendants[1] filed DE 10, a letter for pre-motion conference to file a partial motion to dismiss ("MTD Letter"). Plaintiff responded with both a First Amended Complaint and Jury Demand ("FAC," DE 15) and an opposition to the letter ("Opposition Letter," DE 16) on December 12, 2019. On January 7, 2020, Defendants Caddis and Investinet filed an Answer to the FAC. *See* DE 17. On that same day, Plaintiff propounded discovery on all Defendants on January 7, 2020. **Exhibit A** (Plaintiff's Discovery Requests). The initial conference in this matter was held on May 21, 2020, and thus the responses from Defendants to the Discovery were due 30 days from that date – June 22, 2020. Caddis Funding, LLC and InvestiNet, LLC ("Caddis") have not produced responses to these discovery requests. They have also failed to produce in their initial disclosures their insurance declaration sheet and policy.

Plaintiff's discovery requests (*see* **Exhibit A**) are basic, seeking information generally regarding Plaintiff, the putative debt, the collection lawsuit, and attempts to collect the putative debt. The breadth of discovery and burden of responding is minimal. Notably, the Kirschenbaum Defendants answered Plaintiff's discovery demands and, while not entirely without concern, produced responsive documents regarding the Plaintiff, the putative debt, and attempts to collect the putative debt.

In contrast to the Kirschenbaum Defendants, Caddis has simply ignored the demands. Caddis has produced nothing, neither responses nor corresponding documents. Their counsel's objections are not persuasive given the discovery requests have been outstanding since January 7

---

[1] The Kirschenbaum Defendants are the debt collection law firm Kirschenbaum & Associates, PLLC, and two of its debt collector attorneys James P. Scully and Steven L. Rosenthal.

1

and, unlike Kirschenbaum Defendants, Caddis on that same day had answered the FAC and thus knew that upon the initial conference they would have to respond to the propounded discovery requests. Indeed, on multiple occasions the undersigned asked opposing counsel if he would answer the discovery prior to the setting of an initial conference date, but he declined.

It has been about six months since Caddis first received the discovery requests and two weeks since their deadline to answer. No more complete delay of any response to the discovery requests is justifiable, and thus Plaintiff requests a pre-motion conference to move to compel the discovery responses and to hold any objections waived. The admissions are deemed by operation of law.

Respectfully,

/s/

Ahmad Keshavarz

cc: all counsel (via ECF)

**CERTIFICATE OF CONFERENCE**

I have attempted to resolve these matters without Court involvement, both in writing and on the telephone, but those efforts have proven unsuccessful.

Plaintiff propounded discovery on all Defendants on January 7, 2020. **Exhibit A**. On June 24, 2020, I sent Defendants a letter stating that we had not received responses from Caddis nor any explanation for the failure to respond. **Exhibit B** (June 24 Letter). On June 25, 2020, Caddis' counsel responded requesting an extension until July 9, 2020. I rejected this extension due to the discovery requests having been served six months prior. On June 26, 2020, Caddis' counsel requested an extension to June 30, 2020. Despite averring that responses would be produced by this date, no discovery responses were produced on this date. Accordingly, Plaintiff sent another letter on July 1, 2020, stating that the discovery responses were overdue and if they were not produced by July 2, 2020, Plaintiff would be moving to compel. **Exhibit C** (July 1 Letter). On July 6, 2020 I left a voicemail on the cell phone of counsel for Caddis, stated I had drafted a motion to compel I was about to file, and asked him to call my by 2:00 PM July 6, 2020 to attempt to resolve the matter without the necessity of filing the motion. Caddis' counsel responded by email stating that the responses would be produced July 7, 2020. Caddis has not served discovery answers as of the time of the filing of this application, and thus Plaintiff now requests a pre-motion conference to compel responses from Caddis.

Respectfully,

/s/

Ahmad Keshavarz

2